UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER W. LANCASTER, III : <br> 8685 Greenbelt Road, #102 : <br> Greenbelt, MD 20770 : <br> : <br> Plaintiff, : <br> : <br> BRUCE R. JAMES, PUBLIC PRINTER : <br> U.S. Government Printing Office : <br> 732 North Capitol Street, N.W. : <br> Washington, D.C.  20401 : <br> : <br> Defendant. : | Civil Action No.: |

**COMPLAINT – CIVIL RIGHTS**
**(JURY TRIAL DEMANDED)**

**NOW COMES** Plaintiff, Walter W. Lancaster, III, by and through undersigned counsel, for the purpose of filing this civil complaint, states the following:

**JURISDICTION AND VENUE**

1.      This is an action for declaratory relief, injunctive relief, back pay, compensatory damages, and other appropriate relief, legal and equitable, brought by Plaintiff Walter W. Lancaster, III to redress violations by the Defendant of Plaintiff's civil rights. The Jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended 1991 Civil Rights Act, 42 U.S.C. § 2000e, et seq., hereinafter "Title VII".  The Jurisdiction of this Court is also invoked under 28 U.S.C. Sections 1331 and 1343, this being a suit authorized pursuant to the Civil Rights Act of 1991.

2. This proceeding is instituted in the United States District Court for the District of Columbia pursuant to 28 U.S.C. 1391, as the judicial district in which the cause of action arose and in which the defendant is located and doing business.

3. This is a civil action and the amount in controversy exceeds $10, 000 (Ten Thousand Dollars), exclusive of interest and costs.

4. This action is also in accordance with 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626 (c) and 28 U.S.C. §§ 1331, 1343(a)(4).

## PARTIES

5. Walter W. Lancaster, III, hereinafter "Plaintiff," is a citizen of the United States of America, and resides at 8686 Greenbelt Road, #102, Greenbelt, Maryland 20770.

6. Plaintiff was competitively hired and employed with the Government Printing Office, hereinafter "GPO," headquartered in Washington, D.C. Plaintiff performed his duties in the GOP, and his title was Forklift Operator, PPW-5.

7. In accordance with Title VII Plaintiff is a member of a protected class based on his race, African-American.

8. Defendant, Bruce James, is the Public Printer of the United States Government Printing Office, headquartered in Washington, D.C.

## ADMINISTRATIVE PROCEDURE

9. Plaintiff filed a formal complaint of discrimination against the Defendant with the Defendant's Equal Employment Opportunity Office, hereinafter "EEO" on June 28, 2001.

10. Defendant issued a final decision on July 26, 2005

11. Plaintiff chose not to appeal to the EEOC.

12. Plaintiff invokes his right to sue under 42 U.S.C. § 2000e-5(f), in that he has satisfied all administrative and judicial prerequisites to the institution of this action.

## FACTS

13. Plaintiff has been employed by Defendant GPO since 1989. Plaintiff is employed as a Forklift Operator, in the Delivery Branch of Defendant GPO.

14. Plaintiff submitted an application for the position of Printing Plant Worker (Leader) with Defendant on March 30, 2001.

15. Subsequent to Plaintiff's submission of his application, Plaintiff was called to the Personnel Office to speak with Barbara Owens. At that time, Plaintiff was informed that he was ineligible for the position of Printing Plant Worker (Leader).

16. Barbara Owens stated that Plaintiff's ineligibility was based on his lack of experience driving heavy trucks in the city. A prerequisite to the position of Printing Plant Worker (Leader) for which the Plaintiff applied.

17. Plaintiff's name was not included on the selection certificate issued for the position.

18. On information and belief, Plaintiff was eligible for the position of Printing Plant Worker (Leader) because for the past six years he has worked the 5 a.m. shift.

19. On information and belief, Plaintiff states that Mr. Terrance Dudley, Mrs. Ginger Thomas and Mrs. Barbara Owens have all worked together to deliberately disqualify his application to promote Mr. Dudley's close friend Gerald Simms.

20. On information and belief, Plaintiff states that Mr. Dudley has attempted to discredit employees seeking promotions that he personally does not like.

21. On April 19, 2001, Gerald Simms was recommended for the position by Terrance Dudley, and that recommendation was approved by Donald Ladd.

22. On June 21, 2001, Gerald Simms (with prior EEO activity), Printing Plant Worker (Leader), ordered Plaintiff to load a truck. When Plaintiff's co-worker, Howard Shade, "got up on the truck," Mr. Simms ordered him to get off the truck. Plaintiff then asked Mr. Simms whether he was trying to create a division between Mr. Shade and Plaintiff. A confrontation ensued, with Mr. Simms making personal attacks on Plaintiff's family. Plaintiff initially received two infractions from Terrance Dudley (no prior EEO activity), concerning the incident. On September 7, 2001, Plaintiff also received a letter of warning, dated September 7, 2001, from Mr. Dudley, concerning the incident.

23. On July 19, 2001, Mr. Dudley ordered Plaintiff leave a meeting, which had been scheduled by Mr. Dudley for employees and supervisors to air their differences in an open forum.

24. On August 24, 2001, Mr. Dudley confronted Plaintiff in an effort to provoke Plaintiff, i.e. repeatedly asking Plaintiff "Is there something you want to talk to me about…" and started circling Plaintiff in a threatening manner. On September 18, 2201, Mr. Dudley attempted to get Plaintiff to sign two infractions concerning the incident.

25. On September 20, 2001, Lloyd Logan (with prior EEO activity), accused Plaintiff of creating a disturbance and called the GPO police.

26. On November 29, 2001, Mr. Dudley ordered Plaintiff to leave a scheduled meeting between employees and management that was being facilitated by Mr. Dudley and Paul Kirby (with prior EEO activity). Mr. Dudley called the GPO police to have Plaintiff removed from the building.

27. Plaintiff received a proposed notice, dated February 12, 2002, from Mr. Dudley, proposing a 14-day suspension for all of the alleged infractions. On April 16, 2002, Plaintiff received a notice of suspension, dated April 11, 2002, from Donald Ladd and Plaintiff was suspended for fourteen days, starting on April 16, 2002 and including five days in non-pay status.

28. On February 28, 2002, Mr. Dudley, after seeing Plaintiff talking with a co-worker, accused him of creating a hostile work environment. Mr. Dudley consequently informed a union representative that Plaintiff had misinterpreted what he had told Plaintiff.

29. On December 20, 2002, Mr. Dudley, after deliberately concealing his presence from Plaintiff and his co-workers, accused Plaintiff of "instigating something" and later that day, instructed Plaintiff to turn on all the lights in the security cage, because he (Dudley) did not want anyone to get raped or hit over the head, apparent by Plaintiff as a threat.

30. On information and belief, Plaintiff alleges that the abovementioned incidents represent a pattern of harassment intended to build a paper trail against him that will eventually lead to his termination.

## STATEMENT OF CLAIM

    A.    FIRST CAUSE OF ACTION

    31.    Plaintiff alleges and re-alleges paragraphs 1 through 30, with the same force and effect as if set forth separately and at length herein.

    32.    The effect of Defendant's acts and practices as enumerated herein has been to deprive Plaintiff of rights secured to him by the Civil Rights act of 1991, 42 U.S.C. § 2000 et seq., to be free of discrimination based on race and color, because Defendant, solely because of Plaintiff's race and color, have deprived Plaintiff of equal opportunity in terms and conditions of her employment by refusing to reasonably review Plaintiffs application for the Position of Printing Plant Worker (Leader), and by disqualifying Plaintiff selection for said position. By said acts, the Defendant has violated the Civil Rights act of 1991.

    B.    SECOND CAUSE OF ACTION

    33.    Plaintiff alleges and re-alleges paragraphs 1 through 30 with the same force and effect as if set forth separately and at length herein.

    34.    The effect of Defendant's acts and practices as enumerated herein has been to deprive plaintiff of rights secured to him under the Civil Rights Act of 1991, 42 U.S.C. § 2000 et seq., to free from retaliation for filing a complaint, because Defendant solely because of Plaintiff's filing a complaint of discrimination, have deprived Plaintiff of equal opportunity in the terms , privileges, and condition of his employment, by continuously harassing and sanctioning Plaintiff, and have constructively created a hostile work environment for Plaintiff. By said acts, the Defendant has violated the Civil Rights Act of 1991.

    C.    THIRD CASUE OF ACTION

35. Plaintiff alleges and re-alleges paragraphs 1 through 30 with the same force and effect as if set forth separately and at length herein.

36. The effect of Defendant has intentionally, outrageously, and without justifiable reasons subjected Plaintiff to extreme emotional distress by violating Plaintiff's rights under the statute cited herein. As a result of the act and practices of the Defendant, Plaintiff has suffered a loss of his personal and professional esteem, as well as lost wages and benefits.

37. Plaintiff has no plain, adequate or complete remedy at law to redress the acts and practices complained of herein, and Plaintiff is now suffering and will continue to suffer irreparable injury as a result of the Defendant's acts and practices as described herein. Unless Defendant is retrained by Order of this Court, Plaintiff will continue to suffer said irreparable injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this Honorable Court to advance this case of the docket, order a jury trial at the earliest practicable date, and cause this case to be in every way expedited, and upon such hearing to:

1. Issue a declaratory judgment that Defendant's acts and practices complained herein violated Plaintiff's rights as secured by the Civil Rights Act of 1991, 42 U.S.C. § 2000 et seq., and

2. Order Defendant to make Plaintiff whole for the discrimination Plaintiff has suffered as a result of the acts and practices as described herein, by

        providing appropriate back pay and other wages and benefits in an amount to be shown at trial; and

3. Grant Plaintiff a permanent injunction enjoining the Defendant from engaging in any employment policy or practice which discriminates against Plaintiff or any other employee or applicant on the base of race or color; and

4. Grant Plaintiff a permanent injunction enjoining the Defendant from engaging in any employment policy or practice which directs retaliatory actions against Plaintiff or any other employee or applicant who complains to the EEO.

5. Grant Plaintiff judgment against the Defendant for damages in the amount of at least $250,000.00 for mental anguish and emotional distress inflicted on Plaintiff through and as a result of the aforementioned discriminatory and retaliatory acts; and

6. Grant Plaintiff to his attorney fees, costs, and disbursements necessary to maintaining this action; and

7. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require Defendant to file such reports as the Court deems necessary to evaluate such compliance; and

8. Grant such other and further relief as the Court deems necessary and proper.

                                                Respectfully submitted,

                                                _____

                                                Donald S. Johnson, Sr.
                                                Bar Number 372774
                                                P.O. Box 4703
                                                Capital Heights, MD 20791
                                                (301) 808-6770
                                                Attorney for Plaintiff