UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER W. LANCASTER, III | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-2090 (JR) |
| BRUCE R. JAMES, Public Printer, U.S. Government Printing Office | ) |
| Defendant. | ) |

## ANSWER

Defendant Bruce R. James, Public Printer, U.S. Government Printing Office, through undersigned counsel, hereby answer the complaint in this case as follows:

### FIRST DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Answering the numbered and unnumbered paragraphs of the complaint, the defendant states as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 is plaintiff's statement of his case and jurisdiction and venue to which no response is required.

2. Paragraph 2 is plaintiff's statement of venue, to which no response is required.

3. Admit only that this is a civil action.

4. Paragraph 4 represents conclusions of law, to which no response is required.

### PARTIES

5. Admit.

6. First sentence: admit.  Second sentence: Admit that plaintiff performed his duties, but deny he was a forklift operator when first hired.  He is a forklift operator today.

7. Admit only that plaintiff is an African-American.

8. Admit.

## ADMINISTRATIVE PROCEEDINGS

9.-11.  Admit.

12. Paragraph 12 is a conclusion of law, to which no response is required.

## FACTS

13. First sentence: Admit.  Second sentence:  Deny that plaintiff works in the Delivery Section; admit the remainder of this paragraph; and, further allege that plaintiff is currently employed by GPO as a Forklift Operator in the Bindery Division.

14. Admit.

15. First sentence: Admit that plaintiff met with Ms. Owens.  Second sentence: Admit.

16.  Admit and further allege that because plaintiff had only served as a forklift operator at GPO and had never driven a truck of any kind for GPO, he was ineligible to supervise truck drivers.

17. Admit.

18. Deny for the same reasons set forth at ¶ 16.

19. Deny.

20. Deny.

2

21. Admit.

22. Admit only that plaintiff was issued a Letter of Warning on September 7, 2001, for disrupting the workplace on June 21, 2001. Deny the remainder of paragraph 22.

23. Admit and further allege that plaintiff was ordered to leave the July 19, 2001, meeting because he would not allow his supervisor to respond to plaintiff's questions.

24. Deny.

25. Admit only that Mr. Logan called the GPO police when plaintiff caused a disturbance and began using profane language.

26. Admit and further allege that plaintiff was directed by his supervisor Mr. Dudley to attend an employee meeting on November 29, 2001, that was to begin after the delivery of the Congressional Record. Plaintiff was told by Mr. Dudley not to attend another employee meeting to begin at 7:30 a.m. Despite this instruction, plaintiff both attended and disrupted the 7:30 am meeting by directing a hail of insulting and abusive language towards Mr. Dudley. Mr. Dudley called the GPO Police and plaintiff was escorted out of the building.

27. Admit and further allege that because of the November 29, 2001, incident, Mr. Dudley proposed plaintiff's 14-day suspension for: 1) failure to follow a direct order/failure to carry out instructions of a supervisor; 2) creating a disturbance in the workplace and delay in the work process. The proposed suspension was approved by GPO's former Production Manager, Donald Ladd (retired). Mr. Ladd mitigated the proposed 14-day suspension to consist of 9 days on paper and 5 days without pay and duties.

28. Deny.

29. Deny.

30. Deny.

## STATEMENT OF CLAIM

A. FIRST CAUSE OF ACTION

31. Defendant alleges and realleges his answers to paragraphs 1 - 30 as if set forth separately and at length herein.

32. Deny.

B. SECOND CAUSE OF ACTION

33. Defendant alleges and realleges his answers to paragraphs 1 - 30 as if set forth separately and at length herein.

34. Deny

C. THIRD CAUSE OF ACTION

35. Defendant alleges and realleges his answers to paragraphs 1 - 30 as if set forth separately and at length herein.

36. Deny.

37. Deny.

## PRAYER FOR RELIEF

The remainder of plaintiff's complaint is his prayer for relief, to which no response is required.  However, defendant denies that plaintiff is entitled to the relief sought or to any relief whatsoever.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

>Respectfully yours,
>
>/s/
>KENNETH L. WAINSTEIN , D.C. Bar # 451058
>United States Attorney
>
>/s/
>RUDOLPH CONTRERAS, D.C. Bar # 434122
>Assistant United States Attorney
>
>/s/
>CLAIRE WHITAKER, D.C. Bar # 354530
>Assistant United States Attorney
>United States Attorneys Office
>555 4th Street, N.W., Room E-4204
>Washington, D.C. 20530
>(202) 514-7137

OF COUNSEL:

THOMAS KELLY
Attorney, U.S. Government Printing Office
Office of the General Counsel

5